| | |
|---|---|
| **DISTRICT COURT, ADAMS COUNTY STATE OF COLORADO**<br><br>**Court Address:**<br>1100 Judicial Center Drive<br>Brighton, Colorado 80601 | DATE FILED: March 2, 2022 12:00 PM<br>FILING ID: B4F10E5D3752B<br>CASE NUMBER: 2022CV30240 |
| **Plaintiff:**<br><br>**MANUEL CABELLO**<br><br>v.<br><br>**Defendants:**<br><br>**DAVID VANBLARCUM AND STEVE SHARP CRANE & RIGGING LLC** | ▲COURT USE ONLY ▲ |
| **Attorney for Plaintiff:**<br>Brent E. Southern, #52007<br>Mintz Law Firm, LLC<br>605 Parfet St., Suite 102<br>Lakewood, CO 80215<br>T: (303) 462.2999<br>F: (303) 233.8999<br>bsouthern@4injury.net | Case Number:<br><br>Div.: |
| **COMPLAINT WITH JURY DEMAND** ||

Plaintiff Manuel Cabello, by and through his attorneys, Mintz Law Firm, LLC and Brent E. Southern, for his Complaint against the Defendants David Vanblarcum and Steve Sharp Crane & Rigging LLC, states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Manuel Cabello is an adult resident citizen of Westminster, Colorado.

2. Upon information and belief, Defendant David Vanblarcum is an adult citizen of Warrensburg, MO and may be served with process in accordance with C. R. S. §13-1-124 and Rule 4, C.R.C.P. at 27 NW 625th RD Warrensburg, MO 69093.

3. Upon information and belief, David Vanblarcum was an employee of Steve Sharp Crane & Rigging, LLC at the time of the incident that is the subject of this Complaint. Steve Sharp Crane & Rigging, LLC is a corporation located in Hudson, Colorado which does business across Colorado including Adams County and may be served with process in accordance with C. R. S. §13-1-124 and Rule 4, C.R.C.P. through its registered agent located at 10786 Co Rd 41, Hudson, CO 80642.

1

4. On or about June 21, 2019, a motor vehicle collision occurred in Brighton, Adams County, Colorado involving Defendant David Vanblarcum (Vanblarcum) and Plaintiff Manuel Cabello. The collision in question was caused by the negligence of the Defendant Vanblarcum. As the negligent actions of the Defendant Vanblarcum and the resulting motor vehicle collision occurred in Adams County, Colorado, this Court has personal jurisdiction over the Defendants pursuant to C. R. S. §13-1-124 and jurisdiction over the subject matter.

5. Venue is proper in this Court pursuant to Rule 98 C.R.C.P. because the incident giving rise to this cause of action occurred in Adams County, Colorado.

6. At all relevant times, Defendant Vanblarcum was employed by Defendant Steve Sharp Crane & Rigging, LLC and was acting in the course and scope of such employment.

7. Plaintiff demands jury trial on all issues and claims asserted.

## GENERAL ALLEGATIONS

8. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 7 as though fully set forth herein.

9. On or about June 27, 2019 Plaintiff Manuel Cabello was operating his 2013 Ford Escape in the westbound lane of East 168th Avenue near the intersection of US Highway 85 in Brighton, Colorado. At the same time, Defendant David Vanblarcum, who was in the course and scope of employment with Defendant Steve Sharp Crane & Rigging LLC, was operating a 2018 Kenworth tractor trailer in the southbound lane of US Highway 85 in Brighton, Colorado near the intersection of East 168th Avenue. As the Plaintiff approached the intersection traveling west, he had a green light and continued across the intersection on East 168th Avenue. Defendant Vanblarcum was traveling south and entered the right turn lane in order to merge into the westbound lane of East 168th Avenue. Defendant Vanblarcum was required to yield to traffic on East 168th Avenue, such as the Plaintiff, but failed to do so and entered East 168th Avenue without yielding to the Plaintiff. As a result, the Defendant struck Manuel Cabello's vehicle and injured Mr. Cabello.

10. At the time of the subject collision, the Defendant Vanblarcum had a duty to operate his vehicle in accordance with all applicable rules of the road and Colorado laws. By failing to maintain his lane of travel and obey the yield sign, Defendant Vanblarcum breached that duty and as a result of that breach, the collision occurred, and Plaintiff was injured.

11. The negligence of the Defendant Vanblarcum was the sole proximate cause of the collision between the two vehicles.

12. The injuries suffered by the Plaintiff were a direct and proximate result of the negligence of the Defendant Vanblarcum in causing the subject collision while acting in the course and scope of his employment with Defendant Steve Sharp Crane & Rigging, LLC.

## FIRST CLAIM FOR RELIEF
### (Negligence against Defendant David Vanblarcum)

13. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 12 as though fully set forth herein.

14. On or about June 29, 2019 Plaintiff Manuel Cabello was traveling westbound on E 168th Ave at US Hwy 85. At that same time, Defendant Vanblarcum was traveling southbound on 168th Street in Brighton, Colorado. Defendant Vanblarcum entered the right turn lane in order to merge into the westbound lane of East 168th Avenue. In so doing, Defendant Vanblarcum failed to obey the yield sign controlling his direction of travel, crossed into the lane occupied by the Plaintiff Cabello and struck Mr. Cabello's vehicle, injuring the Plaintiff.

15. At the time of the subject collision, the Defendant had a duty to operate his vehicle in accordance with all applicable rules of the road and Colorado laws. By failing to obey the yield sign and maintain his lane of travel, Defendant breached that duty and as a result of that breach, he collided with Plaintiff's vehicle and injured him.

16. Defendant Vanblarcum failed to keep a proper lookout, was not paying full attention while driving, was distracted, and was otherwise careless, reckless, and negligent in the operation of his vehicle on the subject occasion.

17. Defendant Vanblarcum's careless, reckless, and otherwise negligent operation of his vehicle and failure to safely maintain a lane of travel was the sole proximate cause of the subject collision.

18. As a direct, proximate, and foreseeable result of Defendant's negligence, Plaintiff has suffered past, present, and future injuries; has incurred medical bills and will incur more medical bills in the future, expenses, loss of earnings and earning capacity, other economic damages, physical impairment damages, as well as non-economic damages, including but not limited to pain and suffering, inconvenience, and loss of quality of life.

## SECOND CLAIM FOR RELIEF
### (Negligence Per Se against Defendant David Vanblarcum)

19. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 18 as though fully set forth herein.

20. At the time of the subject collision, Defendant Vanblarcum had a duty to obey all traffic laws, regulations, and rules of the road regarding the operation of a motor vehicle, including C.S.R. § 42-4-703(4) which provides that the driver of a vehicle approaching a yield sign shall slow toa a speed reasonable for existing conditions and, if required for

safety, to stop and yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard. By failing to slow and/or stop in obeyance of the yield sign controlling his actions, Defendant Vanblarcum violated C.S.R. §42-4-704(4) and thereby caused the collision with the Plaintiff's vehicle. must drive as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. The Defendant's conduct violated C.R.S. § 42-4-1007(a).

21. The purpose of C.R.S. § 42-4-704(4) is to prevent the type of collision described herein and the types of injuries that Plaintiff sustained as a result of this collision at issue.

22. Defendant Vanblarcum was negligent per se as a result of his violation of C.R.S. § 42-4-704(4) which resulted in the collision with Plaintiff's vehicle.

23. As a direct, proximate, and foreseeable result of Defendant Vanblarcum's negligence per se, Plaintiff suffered past, present, and future injuries, and incurred medical bills, expenses, loss of earnings and earning capacity, other economic damages, physical impairment damages, as well as non-economic damages, including but not limited to pain and suffering, inconvenience, and loss of quality of life.

## THIRD CLAIM FOR RELIEF
**(Respondeat Superior against Steve Sharp Crane & Rigging, LLC)**

24. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 23 as though fully set forth herein.

25. On or about June 29, 2019, David Vanblarcum was an agent, servant, and/or employee of Steve Sharp Crane & Rigging, LLC, (Steve Sharp) and was directed to and provided permission to operate the vehicle owned by Steve Sharp which was involved in the collision with Plaintiff.

26. Steve Sharp Crane & Rigging, LLC is vicariously liable for the acts of its agents, servants, and/or employees under the doctrine of respondeat superior. At all times relevant hereto, Defendant Vanblarcum, was in the course and scope of his employment and was acting as agent, servant, and/or employee of Steve Sharp Crane & Rigging, LLC.

27. At all times relevant hereto, Defendant's employee David Vanblarcum operated the vehicle involved in the wreck made the basis of this litigation for the economic benefit of, and pursuant to the direction and authorization of Steve Sharp Crane & Rigging, LLC. At the time referenced above, Defendant Vanblarcum was in the course and scope of his employment with Defendant Steve Sharp Crane & Rigging, LLC.

28. As a result of the negligence of its employee, Defendant Steve Sharp Crane & Rigging, LLC is liable for Plaintiff's damages.

29. As a direct and proximate result of the negligence of Defendant Vanblarcum as described herein above, Plaintiff has suffered past, present, and future injuries, medical bills and expenses, and other damages.

## **DAMAGES**

30. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 29 as though fully set forth herein.

31. As a direct and proximate result of the negligent actions of the Defendants, David Vanblarcum and Steve Sharp Crane & Rigging LLC, as described hereinabove, Plaintiff suffered damages and injuries, including medical treatment and related costs for his personal bodily injuries; past, present and future need for medical treatment and related costs; past, present and future pain and suffering; past, present and future mental and emotional anguish; loss of the ability to enjoy life and daily activities; temporary and permanent impairment and all other damages allowed under Colorado law and established by the proof to be presented at trial, whether or not specifically outlined hereinabove.

**WHEREFORE,** Plaintiff requests that judgment be entered in her favor and against Defendants for all available relief, including, without limitation, damages that may be awarded as compensation for Plaintiff's injuries as set forth in the foregoing Complaint and to fully compensate him for all damages, including, but not limited to, attorney's fees and costs as allowed by law, interest, past and future medical expenditures, all economic, non-economic damages, and physical impairment damages, and for further relief the Court deems equitable, just or proper in the circumstances.

Dated this 2nd day of March 2022.

ATTORNEY FOR PLAINTIFF

/s/ *Brent E. Southern*
Brent E. Southern, # 52007
Mintz Law Firm, LLC

**ADDRESS OF DEFENDANT DAVID VANBLARCUM:**
NW 625th RD
Warrensburg, MO 69093

**ADDRESS OF DEFENDANT STEVE SHARP CRANE & RIGGING, LLC:**
10786 Co Rd 41,
Hudson, CO 80642